UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LEE RUNYON, as Guardian For ZACHARY RUNYON, a minor<br>PLAINTIFF,<br>V.<br><br>THE SOUTH CAROLINA High school League, THE STATE OF SOUTH CAROLINA BY and THROUGH THE HON. MOLLY SPEARMAN as Secretary of Education. | Case No.: 2:20-cv-2352-RMG<br><br>COMPLAINT |

1. That jurisdiction herein is based on Title 42 United States Code Section 1983 and Title 15 United States Code Section 15    ; Title 28 United States Code Section 2201 and Section 1337.
2. That the Defendant South Carolina High School League controls and directs interstate and intrastate athletic events for Interscholastic activities of Public Schools and Three (3) private schools all of whom are members of the association .
3. That the Hon. Molly Spearman is joined as a Defendant herein because she is Superintendent of Education, a Constitutional Office under the Constitution of the Sovereign State of South Carolina and operates under Code of Law (Eg, Title 59 Of the Code of Laws 1976 as amended as well as other applicable statues as well as Article XI of the Constitution of the Sovereign State of South Carolina).
4. The Plaintiff's minor is an enrolled student at a private school which is located in Berkeley County while the residence of Plaintiff's minor is in Charleston County.
5. That the private school is affiliated with a denominational church having an organization with a single state wide superintendent,
6. That the school of choice of Plaintiff;s minor is one of only three private schools that are members of the DefendantnSouth Carolina High School League.

7. That the private school is subject to and is regulated by the state of South Carolina at least in the following respects:
   A. The School is required to teach certain subjects in order for them to issue a high scool diploma.
   B. They are required by State Law to report to their local school superintendent. (See Title 59-13-130 Code of Laws of South Carolina 1976 amended.)
   C. They are exempt from certain provisions of State Law. ( See Title 59-32-70 Code of Laws of South Carolina 1976 amended).
   D. The school must follow health mandates, ( Please see Title 44 at Chapter 29 of the South Carolina Code of Laws 1976 (as amended).
8. That the Plaintiff's minor is guaranteed by both Federal law and State Law of the right to choose which school he wishes to attend.
9. That the Defendant High School league operates a monopoly in contravention of Title 39-3-10 Code of Laws 1976 as amended as well as Title 15 of the United States Code of Laws.
10. That the Defendant High School League impacts interstate and intrastate commerce individually and in concert with the N.C,A.A.
11. That the Defendant High School League directs the costs of entry to competition and sets attendance zones contrary to established law.
12. That the State, by and through the Districts pays for facilities utilized for completion with tax dollars paid by the clients of the private schools which are League members but the association controls times of competition and ticket costs.
13. That the Plaintiff's minor was enrolled for the 2020-2021 under rules allowing for his immediate eligibility under the existing rules of the Defendant South Carolina High School League
14. That said Defendant then made changes to the eligibility rules which will and does make Plaintiff's minor ineligible to fully participatein his schools athletic inter-scholastic activities for at least One(1) year.

15. That there are no procedural rights of due process afforded to Plaintiff's minor by either Defendant,
16. That the actions of the Defendants association impacts the Plaintiff's minor of his right to exercise his religion and compete in high school athletics.
17. That there is no legislative act granting the Defendant/association the power to regulate any act of the educational system.
18. That the Defendant Spearman has no constitutional or legislative authority to delegate to the Defendant Association the setting of attendance zones for the students in deragation of the State or Federal Statues.
19. That the Defendant Association is acting as a private associate, a de-facto government regulative entity and denies Plaintiff's minor due process and equal protection of the laws of the Sovereign State of South Carolina and the laws of the United States
20. That both Title 15 United States Code of Law and the Title Thirty Nine (39) of the South Carolina Code provide for damages to a plaintiff who is damaged by the violations of said acts.
21. That the Defendant High School league is "linked" to the National Collegate Athletic association who controls "college" sports.
22. That the South Carolina Supreme Court in the case of Eastern Federal Cooperation v. Plowden at 316 S.E. 2d 373 ruled that it is an unconstitutional delegation of legislative authority to grant to a private association the right to control the imposition of a tax, also see State v. Watkins at 191 S.E. (20) 135.
23. That there is no legislative authority granted to the executive branch, Defendant Spearman to vest the Defendant High School League with the Constitutional Authority to control athletics in South Carolina.

I.

24. That Paragraphs One (1) through Twenty Three (23) are repeated as if set out verbatim.

25. That the actions of the Defendant League are Defacto regulatory and as such they contravene both State and Federal Constitutional Righhts under Code of Law to due process.

II.

26. That Paragraphs One (1) through Twenty Four (24) are realleged as if set out verbatim herein.
27. That the actions of the league are in violation of the Constitution of the State of South Carolina.

III.

28. That paragraphs One (1) through Twenty Seven (27) are realleged as if set out verbatim.
29. That the actions of the Defendant League, acting in concert with the N.C.A.A. Constitute a violation of Title 15 of the United States Code and entitles the Plaintiff to damages.

IV.

30. That paragraphs One (1) through Twenty Nine (29) are realleged as if set out verbatim.
31. That the actions of the Defendant League constitute a violation of the anti-trust law of the State of South Carolina and entitles the Plaintiff to costs and damages.

V.

32, That paragraphs One (1) through Thirty One (31) are repeated as if set out verbatim.

33. That the actions of the Defendant League acting under Code of State Law deprives the Plaintiff's minor of Constitutional Rights guaranteed by both the

Constitution of the United States and the State of South Carolina in contravention of Title 42 Section 1983 of the United States Code.

WHEREFORE, Plaintiff's minor prays as follows:

1. For a Declaration that the Defendant League is acting in contravention of State and Federal Law pursuant to Title Twenty Eight (28) United States Code. Section 220 and declaring that Plaintiff's minor is eligible for inter and intra scholastic competition.
2. For a Judgement and the issuance of injunctive relief both Preliminarily and Permanently against the Defendants from acting in control of athletics saving and excepting through the South Carolina Department of Education and to Grant such other and further relief as may be afforded in Law and Equity,
3. For a Judgement awarding the Plaintiff damages, costs and attorneys fees herein.
4. For a Judgement Granting such other and further relief as may be afforded in Law and Equity.

June 17, 2020
Charleston, SC

Rspectfully submitted,

s/ William L. Runyon, Jr.
Fed Bar # 3684
State Bar # 4838
#3 Gamecock Avenue
Suite 303
Charleston, SC 29407
(843) 571-3515